```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

```
JONATHAN EVANS,                    *
                                   *
     Plaintiff,                    *
                                   *
vs.                                *   Civil Action 11-00556-WS-B
                                   *
MICHAEL J. ASTRUE, Commissioner    *
of Social Security,                *
                                   *
     Defendant.                    *
```

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's unopposed Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 23). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

In his Motion, Defendant requests a judgment of remand of this cause to the Commissioner of Social Security for further administrative proceedings and advises that counsel for Plaintiff has been contacted and has no objection to Defendant's request to remand this action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16). Specifically, Defendant states that on remand:

> [T]he Appeals Council would direct the administrative law judge (ALJ) to: further consider the opinions of examining source [] Nina E. Tocci, Ph.D. and non-examining source Guendalina Ravello, Ph.D., and explain the weight given to such opinions; further evaluate

> Plaintiff's mental impairments in accordance with the special technique described in 20 C.F.R. §§ 404.1520a, 416.920a; further consider Plaintiff's residual functional capacity; and, if warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

(Id. at 1-2).

Upon consideration of the foregoing, and the language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," the undersigned **RECOMMENDS** that Defendant's unopposed Motion to Remand be **GRANTED**, and that this Court enter judgment reversing and remanding this cause to the Commissioner for action consistent with Defendant's motion.  42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89 (1991).

This remand, pursuant to sentence four of section 205(g) of the Social Security Act, makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Shalala v. Schaefer, 509 U.S. 292 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **27th** day of **March, 2012.**

                                      <u>/s/ SONJA F. BIVINS</u>
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); and Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days

---

[1] The Court's Local Rules were amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

of being served with a copy of the statement of objection.  See Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**